WILLIAM GORDON v. CHASE & WEBSTER.*

*Lien. Purchase of Judgment.*

The plaintiff had a lien on certain lumber and logs, to secure advances to the defendants. Other creditors of the defendants attached said property, and obtained judgment and took out execution. The plaintiff commenced suit to recover said advances, and attached said property, subject to the attachment of said creditors. Afterwards, the plaintiff, to protect his lien, and to avoid controversy with said creditors, bought their judgment at a discount, and had said property sold upon the execution issued thereon, and himself became the purchaser thereof at the sheriff's sale; and afterwards disposed of the property as his own, and did not account therefor to the defendants. *Held*, that the plaintiff was entitled to the benefit of the full amount of said judgment, and had a right to become the purchaser of said property at the sheriff's sale, and was not accountable therefor for more than he bid it off at.

GENERAL ASSUMPSIT. Plea, the general issue, and trial by jury, September term, 1873, PIERPOINT, Ch. J., presiding.

On June 17, 1871, the plaintiff quit-claimed to the defendants the timber on a certain lot, to be taken off within three years, for $282.50, payable by installments. A written contract was executed between the parties, fixing the time of payments, and giving the plaintiff a lien on said timber, and the lumber manufactured from it, to secure the purchase money. At the time of the commencement of this suit, May 20, 1872, the defendants had fully paid the price of said timber, and there was nothing then due the plaintiff under said contract, and he claimed nothing under it.

In the fall of 1871, after the defendants commenced cutting said timber, they made a further agreement with the plaintiff, whereby the plaintiff was to and did pay for hauling the logs to the mill, and for sawing them, and was to be reimbursed from the avails of the lumber when sold. The plaintiff claimed that he was to have a lien on the lumber for his advances; while defendants claimed that he had no lien upon it, but was to be paid from the avails when sold. The defendants' testimony tended to show, that they got out about 125,000 feet of lumber, and that the plaintiff had sold most of it, and received the avails thereof, and the defendants had received nothing therefrom.

*This case was heard at the January term, 1874.

33

On the 16th of May, 1872, Whitcomb & Day brought suit against the defendants, on a debt of $169.15, and attached about 100,000 feet of said lumber and logs then lying in the mill-yard; and on the 28th of said May they obtained judgment for their debt, and $8.13 costs, and took out execution. The plaintiff's evidence tended to show that the defendants procured Whitcomb & Day to attach said lumber and logs, for the purpose of defeating the plaintiff's lien thereon. The defendants admitted that they requested Whitcomb & Day to make the attachment, but denied that they did it for the purpose alleged    As soon as the plaintiff learned of Whitcomb & Day's attachment, he commenced this suit, and attached said lumber and logs, subject to their attachment; and afterwards, for the purpose of protecting his claim against the defendants, bought Whitcomb & Day's judgment for $135, and had the lumber and logs sold on the execution issued thereon, and purchased most thereof at the sale, and afterwards disposed of what he purchased, as his own property, and appropriated the avails thereof to his own use. None of the property thus purchased by the plaintiff at sheriff's sale, was appropriated by him prior to such purchase; and the plaintiff claimed to recover nothing on the Whitcomb & Day judgment. The plaintiff gave credit in his specifications for all the lumber and logs sold by him, except what he purchased as aforesaid at sheriff's sale.

The court charged the jury, that if they found the facts as the plaintiff claimed, as to his having a lien on said logs and lumber to secure the purchase money and advances, and that, to secure such lien, and avoid a controversy with Whitcomb & Day, he bought their judgment, and had the lumber and logs sold on the execution, he could charge the defendants only with what he paid for said judgment, and the costs of sale, on the execution; that if the plaintiff bid off the lumber and logs at the sheriff's sale, and disposed of the same as his own, rendering no account therefor, he should be charged with the fair value thereof at the time he disposed of the same. Exceptions by the plaintiff.

*L. F. Wilbur* and *L. L. Lawrence*, for the plaintiff, cited *Chapman et al.* v. *Clough*, 6 Vt. 123.

*Henry Ballard* and *H. H. Talcott*, for the defendants, cited *Boody* v. *Goddard*, 57 Me. 602.

The opinion of the court was delivered by

ROYCE, J.  The only exception taken in the court below, was to the ruling of the court upon the question of the liability of the plaintiff to account for the value of the lumber purchased by him at the sheriff's sale upon the execution in favor of Whitcomb & Day against the defendants, after paying the amount due upon the execution, and costs.  The plaintiff claimed a lien upon the property, and this claim was denied by the defendants.  The court charged the jury, that if they should find that the plaintiff had a lien, and that, in order to secure and protect it, and to avoid a controversy with Whitcomb & Day after they had attached the property upon their writ, he bought their judgment, and had the property sold upon the execution issued upon that judgment, that he was chargeable with the value of the property thus sold, after paying the amount due upon the execution and costs of sale.  If any such liability existed, it must have resulted from some contract express or implied, under which the plaintiff could be made chargeable as the trustee or agent of the defendants.  By the contract which the plaintiff's evidence tended to show, he was to have a lien upon the lumber until he should be paid the amounts advanced by him for hauling and sawing it.  This contract was intended for his security.  He was not obliged to rely upon it, and could have enforced the collection of his claim without resort to this property ; and when Whitcomb & Day attached the property, the defendants would have had no legal ground of complaint if the plaintiff had neglected or refused to assert his lien upon the property so attached.  The purchase of the Whitcomb & Day judgment by the plaintiff, does not appear to have been made upon the request of the defendants, nor in their interest, or for their benefit.  Neither does the case show that the plaintiff was under any legal obligation to provide for the payment of that judgment, or that there was any relation of trust or confidence created by its purchase.  For aught that appears, the plaintiff had the same right to purchase and control the judgment that any

other person would have had ; and his motive in making the purchase, seems to us to be wholly immaterial, inasmuch as it is not shown that any legal right of the defendants was thereby prejudiced. The plaintiff having the legal title to the judgment, had the right to become the purchaser of the property sold upon the execution issued upon it; and the court erred in holding that he was accountable for anything more than the price at which it was sold.   Judgment reversed and cause remanded.